[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13619
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00022-BAE-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH L. AUTRY, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 11, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Autry appeals his twenty-seven-month sentence, imposed after he pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. This sentence was at the bottom of the applicable guideline imprisonment range of twenty-seven to thirty-three months. On appeal, Autry argues that his sentence was substantively unreasonable in light of the mitigation factors he presented at sentencing. Autry asserts that since any sentence of incarceration would have a significant impact on his family, his community, and the victims, only a downward variance to a sentence of probation would have been reasonable.[1]

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. United States v. Irey, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." Id. at 1191. A sentence may only be vacated if we are left with a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving

---

[1]     We do not have "jurisdiction to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure." United States v. Winingear, 422 F.3d 1241, 1245-46 (11th Cir. 2005) (emphasis added). The district court here stated that the guidelines were "advisory only" and that it was "not bound to follow them." Thus, to the extent that Autry argues that the district court erred by not granting a downward departure, we lack jurisdiction to consider the issue.

at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements issued by the Sentencing Commission, and the need to provide restitution to victims. Id. § 3553(a)(1), (3)-(5), (7).

The party challenging the sentence has the burden of establishing that the sentence was unreasonable in light of the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although we do not automatically presume a sentence falling within the guidelines range to be reasonable, we ordinarily expect such a sentence to be reasonable. Id.

We conclude that Autry's sentence was substantively reasonable. His actions—including creating fictitious account statements and using clients'

investments to pay his own bills and debts—caused a loss of over $150,000 to the victims. By pleading guilty to just one of the fifteen charges and having the others dismissed, Autry had already received a substantial reduction in his possible sentence. The twenty-seven-month sentence was imposed at the lowest end of the guideline range. The sentence also promotes respect for the law and helps deter others from committing similar crimes. The district court considered Autry's mitigation arguments and the 18 U.S.C. § 3553(a) factors, then imposed a sentence not greater than necessary under the totality of the circumstances. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**